UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA JANE CARPENTER AND
PAUL CARPENTER,

       Debtors,

                                                  Honorable Victoria A. Roberts
                                                  Case No: 15-10046

SAMUEL D. SWEET, ESQ. THE SUCCESSOR
THE CHAPTER 7 TRUSTEE OF THE ESTATE OF
DEBRA JANE CARPENTER AND PAUL LYNN
CARPENTER,

       Plaintiff,

vs

MID-ISLAND MORTGAGE CORP.,

       Defendant.
_____/


**ORDER**

In 2009, Paul and Debra Carpenter ("Debtors") borrowed $422,262 from

Defendant Mid-Island Mortgage Corporation ("MIMC").  The loan was evidenced by a

note delivered to MIMC.  The Debtors promised to pay the loan with interest.  As

security for the note, Debtors executed a mortgage on the property located at 11 Ann

Drive North, Freeport, New York ("Property") for the benefit of Mortgage Electronic

Registration Systems ("MERS").  MERS was the mortgagee nominee for MIMC. The

mortgage was recorded on November 24, 2009.

This appeal presents a straightforward question: Did the post-petition assignment

of the mortgage from MERS to MIMC: (1) amount to perfection of the mortgage lien and

1

(2) violate the automatic stay provision of federal bankruptcy law, entitling the Plaintiff Trustee to avoid the assignment of the mortgage against the Property? The Bankruptcy Court answered "No" to both questions. This Court affirms that decision.

**I.      BACKGROUND AND UNDISPUTED FACTS**

The Debtors defaulted on the mortgage payment due February 1, 2013 and all subsequent payments. On August 29, 2013, the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, the Bankruptcy Code.

MIMC filed a motion to vacate the automatic stay under 11 U.S.C. § 362 so that it could file a foreclosure action against the Property in New York. At the same time, MERS executed the assignment of mortgage at issue here, assigning the Property mortgage from it to MIMC. The mortgage assignment was recorded.

Michael Mason, Trustee, filed an adversary action to avoid the lien, arguing that the assignment was an attempt to perfect the lien on the Property in violation of the automatic stay.

Relying on Sixth Circuit precedent, the Bankruptcy Court held that the post-filing execution and recording of the assignment was not an attempt to perfect legal title to the Property, but merely transferred and recorded MIMC's equitable interest in the Property.  The Bankruptcy Court also held that the post-filing execution and recording of the assignment did not violate the automatic stay under 11 U.S.C. § 362.

The Trustee's appeal of the Bankruptcy Court's Order dated October 1, 2014, Dismissing Adversary Proceedings, and Opinion Denying Plaintiff's Motion for Summary Judgment dated September 5, 2014, is now before the Court.

II.     **STANDARD OF REVIEW**

An order dismissing an adversary proceeding is a final appealable order. The Bankruptcy Court's findings of fact are reviewed under a clearly erroneous standard, while its legal conclusions are reviewed *de novo. In re Momentum Mfg Corp* 25 F.3d 1132, 1136 (2d Cir. 1994). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Assoc.* , 227 F.3d 604, 608 (6th Cir. 2000).

III.    **ANALYSIS**

There were no errors in the facts found by the Bankruptcy Court; other facts set forth above appear to be unchallenged by the parties in their briefs. The Court relies upon these facts in reaching its conclusions.

There were no errors in the law applied by the Bankruptcy Court.

The Trustee frames the issue this way: That MIMC did not have standing to foreclose on the Property because it did not hold the mortgage on the Property at the time of foreclosure; it only held the note.  Therefore, according to the Trustee, the mortgage was never properly perfected under New York law. The Trustee believes it follows from that, that if MIMC had no perfected lien and no standing to foreclose: (1) the foreclosure proceeding filed before the bankruptcy was invalid; (2) the bankruptcy triggered the automatic stay; and (3) no legal action could be taken - such as attempts to assign the mortgage to MIMC - in contravention of the automatic stay.

The Property is located in New York State. Litigation is pending there to determine the validity and enforceability of MERS' mortgage. While the law in New York may be unsettled as to the validity of a foreclosure when the mortgage and note are held by different parties, standing to foreclose on a mortgage is a completely separate issue from perfection of the lien and whether the assignment of the mortgage from MERS to MIMC violated the automatic stay under Sixth Circuit law.

The Bankruptcy Court correctly declined to address the issue as framed by the Trustee and correctly declined to address perfection of liens under New York law and the issue of standing to foreclose.

Importantly, standing to foreclose and perfection of a mortgage lien cannot be merged into one issue as the Trustee attempts to do. Secondly, standing to foreclose is not one of the considerations in the automatic stay provision. 11 U.S.C. § 362 (a)(4), says: "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title. . . operates as a stay, applicable to all entries of-- (4) any act to create, perfect or enforce any lien against property of the estate."

To be clear, MIMC's assignment efforts were not attempts to perfect legal title to the Debtors' Property. Once the Property was mortgaged, the Debtors held legal title to the Property and the bank held an equitable interest. In *Rogan v Bank One* (*In re Cook*), 457 F.3d 561, 568 (6th Cir. 2006). *Cook*, relying on *Kapila v Atlantic Mortgage & Investment Corp (In re Halabi)*, 184 F.3d 1335 (11th Cir. 1999), which held that "the owner of a mortgage interest may transfer its interest after the mortgagor files for bankruptcy, " *Kapila,* 184 F.3d at 1337  went on to hold that an assignee's recording of

4

an assignment of mortgage post-petition did not violate the automatic stay, and the bankruptcy trustee cannot avoid post-bankruptcy transfers of the mortgage interest because "the perfected mortgage is neither actually nor potentially the property of the debtor. " *Cook* 456 F.3d at 568.

This Court agrees with the Bankruptcy Court: Regardless of whether MIMC had properly perfected the mortgage interest in the Property by the time the bankruptcy petition was filed,  MIMC did not attempt to perfect legal title to the Debtors' Property with the assignment; it only transferred and recorded the bank's equitable interest, which did not and does not belong to the Debtors. Under Sixth Circuit law, the Trustee cannot avoid the post-petition assignment of the mortgage interest by arguing it is a violation of the automatic stay; the mortgage interest is not the property of the Debtors.

The Trustee's efforts to distinguish *Cook* and *Kapila* because there was no question in those cases that the loans were properly perfected before foreclosure, are unavailing.  While the *Cook* court does say the bankruptcy trustee is a *bona fide* purchaser of the debtor's real estate and may avoid certain obligations placed on the property that are voidable under state law, see *Id.* at 566, the recorded deed on the Property in this case removes the Property from the assets of the Debtors that the Trustee can expect to marshall for the benefit of the Debtors' creditors. The principles set forth in *Cook* and *Kapila* make clear that once a debtor executes a mortgage, the mortgage and note are assets of the creditor mortgagee and the subsequent assignment of that mortgage does not violate the automatic stay nor activate the trustee's powers under 11 U.S.C. § 544.

5

**IV.**     **CONCLUSION**

In a well reasoned opinion, the Bankruptcy Court correctly concluded that the post-petition transfer of the mortgage interest from MERS was only a transfer of those entities' equitable interest in the Property and cannot be considered a violation of the automatic stay. The Court affirms the Bankruptcy Court's Order Dismissing Adversary Proceedings and Opinion Denying Plaintiff's Motion for Summary Judgment.

**IT IS ORDERED**.


 /s/ Victoria A. Roberts_____
Victoria A. Roberts
United States District Judge


Dated:  August 11, 2015

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 11, 2015. |
| s/Linda Vertriest_____ |
| Deputy Clerk |

6